No. 831

First Circuit

D'AGOSTINA v. CARBO

(June 30, 1931. Opinion and Decree.)

Jos. Nicolosi, of Plaquemine, attorney for plaintiff, appellant.

Schwing & Obier, of Plaquemine, attorneys for defendant, appellee.

LeBLANC, J. This suit was brought to recover $150 alleged to be the balance due for rent of certain premises situated on a street adjacent to the parish jail in the town of Plaquemine. The petition alleges that the premises were vacated in the month of August, 1928, and we note that suit for rent was filed, on October 8, 1930.

The defense set up is that the person for whom the house involved was rented, was at the time working as a cook in the parish jail, the jailer being her son-in-law, and this house was to be furnished by the

then sheriff of the parish, Captain William Erwin, now deceased. Defendant avers that he was directed by the said sheriff to make arrangements with plaintiff's husband regarding the rent, and that it was understood by the latter that the premises were being rented for account of the said William Erwin.

The defense as thus presented placed a sharp issue of fact before the lower court, and from an amount of conflicting testimony, the district judge held that the plaintiff had failed to carry the burden of proof and rendered judgment dismissing her suit. From that judgment the case comes before us on appeal.

Plaintiff's husband testifies that the house was rented by the defendant and so does Miss Rosa Dana, her sister, who was working for Jos. D'Agostino, the husband, as his bookkeeper. She says that Carbo, the defendant, made two payments to her, one of $50 and another of $40, for which she issued a receipt to the defendant himself. There is introduced in evidence a charge slip used by D'Agostino in his business as general commission merchant, dated September 3, 1928. It simply bears the name "Carbo" and seems to be a credit slip in the sum of $40. It reads, "By cash on account—$40.00," and then the notation, "Paid," with the signature of Jos. D'Agostino, by R. D. This witness does not remember if the check given her by the defendant was his own or Captain Erwin's. The defendant states positively that the check he gave was Erwin's, indicating further by his testimony that he did not have a bank account and therefore issued no checks of his own.

Defendant and his wife both testify that the house was rented by Captain Erwin for the jail cook, defendant intimating that the salary he was receiving would not have permitted him to rent a house for her. They both state that defendant was the one who made the arrangements with D'Agostino concerning the house, but that he did so for Captain Erwin, and that D'Agostino was well aware of what the agreement was, as under it Erwin, who was sheriff and tax collector, was to take care of the taxes on the property of his wife.

There is considerable testimony in the record about some alleged statements made by Captain Erwin and also concerning the motive he had in mind in wanting to rent this particular house. As he is a person deceased, the statements he is reported as having made are not of much probative value and the court is not much concerned with the motive which may have prompted him in considering this which is a claim for unpaid rent. All these are matters which only serve to make already conflicting testimony the more confusing and does not aid much in reaching a proper solution.

The case is really one in which much reliability is to be placed on the integrity and credibility of the parties to the suit and those who testified, as the surrounding circumstances tend to strengthen or weaken the contentions of either side according to the way in which they are viewed. The district judge was able, from his probable knowledge of all the parties and his observations of the witnesses, as well as from his appreciation of the circumstances attending their testimony, to form a more accurate opinion of its real worth than are we sitting as an appellate court. The rule, familiar to all, in such cases, is to give great weight to his findings and leave them undisturbed unless they appear to be manifestly erroneous. We are unable to say that they were in this case, and his judgment dismissing the plaintiff's suit is therefore affirmed.